UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANN CAREY,

    Plaintiff,

                                     Case No.: 1:25-cv-10286-NRB

v.

JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; HENKEL a/k/a HENKEL AG & Co. KGaA; SCHWARZKOPF; WELLA OPERATIONS US, LLC; WELLA PROFESSIONALS; COTY, INC.; KOHLBERG KRAVIS ROBERT & CO. a/k/a KKR & CO., INC.; BRISTOL-MYERS SQUIBB; PROCTER & GAMBLE HAIR CARE, LLC; CLAIROL; GOLDWELL; KAO USA, INC.; GOLDWELL NEW YORK; COSMOPROF SERVICES USA, LLC; SALLY BEAUTY HOLDINGS, INC.; and JOHN DOE CORPORATIONS 1-100, inclusive,

    Defendants.

---

**PLAINTIFF JOANN CAREY'S AGREED MOTION TO REMAND**

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANN CAREY,

    Plaintiff,

                              Case No.: 1:25-cv-10286-NRB

v.

JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; HENKEL a/k/a HENKEL AG & Co. KGaA; SCHWARZKOPF; WELLA OPERATIONS US, LLC; WELLA PROFESSIONALS; COTY, INC.; KOHLBERG KRAVIS ROBERT & CO. a/k/a KKR & CO., INC.; BRISTOL-MYERS SQUIBB; PROCTER & GAMBLE HAIR CARE, LLC; CLAIROL; GOLDWELL; KAO USA, INC.; GOLDWELL NEW YORK; COSMOPROF SERVICES USA, LLC; SALLY BEAUTY HOLDINGS, INC.; and JOHN DOE CORPORATIONS 1-100, inclusive,

    Defendants.

---

**NOTICE OF AGREED MOTION TO REMAND**

---

Please take notice that Plaintiff in the above captioned case seeks to remand this case to the Supreme Court of New York for New York County pursuant to 28 U.S.C. § 1447. Plaintiff Joann Carey is a resident and citizen of the state of New York and thus shares citizenship with four of the defendants in this case. Because Plaintiff shares citizenship with the New York defendants,

1

2

complete diversity between the parties is not established, and the case should be remanded to New York state court. Defendants agree that Carey is a New York citizen and agree to remand this case.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANN CAREY,

    Plaintiff,

Case No.: 1:25-cv-10286-NRB

v.

JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; HENKEL a/k/a HENKEL AG & Co. KGaA; SCHWARZKOPF; WELLA OPERATIONS US, LLC; WELLA PROFESSIONALS; COTY, INC.; KOHLBERG KRAVIS ROBERT & CO. a/k/a KKR & CO., INC.; BRISTOL-MYERS SQUIBB; PROCTER & GAMBLE HAIR CARE, LLC; CLAIROL; GOLDWELL; KAO USA, INC.; GOLDWELL NEW YORK; COSMOPROF SERVICES USA, LLC; SALLY BEAUTY HOLDINGS, INC.; and JOHN DOE CORPORATIONS 1-100, inclusive,

    Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF AGREED MOTION TO REMAND**

Plaintiff Joann Carey ("Plaintiff") in the above captioned case seeks to remand this case to the Supreme Court of New York for New York County pursuant to 28 U.S.C. § 1447 and for lack of subject matter jurisdiction.

3

"[T]he right to removal is a statutory grant to be strictly construed." *Mercy Hosp. Ass'n v. Miccio*, 604 F. Supp. 1177, 1179 (E.D.N.Y. 1985) (cleaned up); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021). Removing defendants must establish jurisdiction and comply with federal law. *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of the states," courts resolve all doubts in favor of remand. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007); *see also Taylor*, 15 F.4th at 150.

The requirements for a federal court to have diversity jurisdiction are familiar, but they are not met here. Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States. . ." 28 U.S.C. § 1332(a). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *See, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). One's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. at 948; *see also Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "A corporation is deemed to be a citizen both of any state where it is incorporated and the state where it has its principal place of business." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 674 F. Supp. 2d 494, 501 (S.D.N.Y. 2009) (citing 28 U.S.C.A. § 1332(c)(1)). "A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332 (1994), is a mixed question of fact and law." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

Complete diversity between the parties is required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction exists only 'when . . . all plaintiffs are citizens of different states from all defendants.'" *Harkins v. Citizens Bank*, 744 F. Supp. 3d 268, 273

(W.D.N.Y. 2024); *see also Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014), as amended (Nov. 12, 2014) (same). "The party asserting jurisdiction bears the burden of proof." *Morgan Stanley & Co.*, 772 F.3d at 118 (cleaned up).

Plaintiff Joann Carey lives in Ellenville, New York. She is a citizen of New York for diversity purposes. *See* Carey Declaration at p. 1-2. She has lived at the same address in Ellenville, New York for the past seven years. Her address in New York is her permanent address. *Id*. She has her domicile in New York, and she is a citizen of New York. *Id*.

Defendants L'Oréal USA, Inc. and L'Oréal USA Products, Inc. have their principal places of business in New York and are citizens of New York. Declaration of Keith E. Smith, D.I. 1-1 at ¶¶ 10-12. Defendant Coty, Inc. also maintains its principal place of business in New York and is a citizen of New York for diversity purposes. *Id.* at ¶ 15. Defendant Kohlberg Kravis Robert & Co. a/k/a KKR & Co., Inc. similarly maintains its principal place of business in New York and is a citizen of New York. *Id.* at ¶ 17.

One New York defendant would suffice to destroy complete diversity. But here, there are four defendants who nullify federal jurisdiction. This Court simply does not have subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Regardless of whether the New York defendants were served before removal (and Plaintiff submits that defendants L'Oréal USA, Inc. and L'Oréal USA Products, Inc. were properly served), the parties are not completely diverse, and this case must be remanded. *See Worthy v. Schering Corp.*, 607 F. Supp. 653, 655 (E.D.N.Y. 1985) ("It is well established that an action based on state law cannot be removed to federal district court if any nondiverse defendant is joined in the complaint, *even if the nondiverse defendant was never served*." (emphasis added) (citation omitted)); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir. 1981).

5

Defendants previously asserted, based on their own investigation, that Plaintiff is a Massachusetts citizen, s*ee* Declaration of Keith E. Smith, D.I. 1-1 at ¶ 7, but she is not. Because Plaintiff shares citizenship with four New York defendants, complete diversity between the parties is absent; this case should be remanded to New York state court.[1]

### Certificate of Conference

Counsel for Carey conferred with counsel for Defendants via Zoom on January 9, 2026. After that discussion, Defendants' counsel emailed and advised that Defendants agree that Carey is a New York citizen, and that Defendants agree to remand this case.

### Conclusion

This Court should grant Plaintiff's Agreed Motion to Remand.

Dated January 9, 2026

Respectfully Submitted,

By: /s/ Jonathan Sedgh
Jonathan Sedgh
MORGAN & MORGAN P.A.
199 Water St., Suite 1500
New York, New York 10038
Phone: (212) 738-6839
jsedgh@forthepeople.com

**Attorneys for Plaintiff Joann Carey**

---

[1] Plaintiff does not seek an award of attorneys' fees against Defendants.

6

## CERTIFICATE OF COMPLIANCE

The above notice and memorandum of law contain 1,360 words, which is less than the 8,750-word limit under Local Rule 7.1(c).

/s/ Jonathan Sedgh  
Jonathan Sedgh

## CERTIFICATE OF SERVICE

I hereby certify that counsel for all parties of record have been served with this motion via CM/ECF and via email on January 9, 2026.

/s/ Jonathan Sedgh  
Jonathan Sedgh